UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD O. STAFFORD, MARIE L. OLSON, ROBERT P. COURTNEY, MYRON CLARK, and RUSSELL CHORPENNING, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:02-cv-01132-LJM-WTL |
| DENNIS W. BAKKE, ROGER W. SANT, BARRY J. SHARP, and AES CORP., JOHN R. HODOWAL, RAMON L. HUMKE, and JOHN R. BREHM, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| CRAIG IMLER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 1:03-cv-00194-DFH-TAB |
| AES CORPORATION, DENNIS W. BAKKE, ROGER SANT, and BARRY J. SHARP, | ) ) ) | |
| Defendants. | ) ) | |
| STANLEY L. MOSKAL and BARBARA A. MOSKAL, for themselves and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | 1:03-cv-00284-DFH-TAB |
| AES CORPORATION, DENNIS W. BAKKE, ROGER W. SANT, and BARRY J. SHARP, | ) ) ) | |
| Defendants. | ) | |

ENTERED
AUG 2 5 2003
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## ENTRY ON CONSOLIDATION AND LEAD PLAINTIFFS

This Cause is before the Court on Plaintiffs' Motion to Consolidate filed in *Imler v. AES Corp. et al.*, 1:03-cv-00194-DFH-TAB, on June 23, 2003. The Motion is fully briefed. On August 6, 2003, an Initial Pre-trial Status Conference on this matter was held before Magistrate Judge William T. Lawrence. Accordingly, this Court now makes the following Entry:

### I. CONSOLIDATION

Pursuant to Federal Rule of Civil Procedure 42, the following actions are hereby consolidated:

1. The four actions brought on behalf of a purported class of plaintiffs who exchanged shares of IPALCO common stock for shares of AES common stock in a share transaction shall be consolidated into a single action captioned *Stafford et al. v. Bakke et al.*, 1:02-cv-01132-LJM-WTL. These four actions are captioned *Stafford et al. v. Bakke et al.*, 1:02-cv-01132-LJM-WTL ("Stafford"), *Patai et al. v. Bakke et al.*, 1:02-cv-01361-LJM-WTL, *Grady et al. v. Bakke et al.*, 1:02-cv-01417-LJM-WTL, *Cole et al. v. IPALCO Enterprises, Inc. et al.*, 1:02-cv-01470-DFH-TAB[1] ("Cole").

---

[1] At the August 6, 2003, Initial Pre-trial Status Conference, Plaintiffs in *Cole* objected to their consolidation with *Stafford*. *Cole* Plaintiffs, however, did not file an objection or response to *Cole* Defendants' Motion to Consolidate filed on July 7, 2003. After considering the *Cole* Plaintiffs' objections at the Initial Pre-trial Status Conference, the Court finds that consolidation of these four actions is appropriate in light of the Amended Complaint filed in *Stafford* on April 4, 2003.

2. The seven actions originally filed in the United States District Court for the Eastern District of Virginia on behalf of a class of plaintiffs who purchased AES securities between April 26, 2001, and February 14, 2002, shall be consolidated into a single action captioned *Imler et al. v. AES et al.*, 1:03-cv-00194-DFH-TAB. These seven actions are captioned *Imler et al. v. AES Corp. et al.*, 1:03-cv-00194-DFH-TAB ("Imler"), *Nemtzow et al. v. AES Corp. et al.*, 1:03-cv-00195-LJM-VSS, *Reynolds et al. v. AES Corp. et al.*, 1:03-cv-00196-DFH-TAB, *Maffei et al. v. AES Corp. et al.*, 1:03-cv-00197-SEB-VSS, *Hawkins et al. v. AES Corp. et al.*, 1:03-cv-00198-LJM-WTL, *Weir et al. v. AES Corp. et al.*, 1:03-cv-00199-DFH-TAB, and *Stulman et al. v. AES Corp. et al.*, 1:03-cv-00200-DFH-VSS.

3. The two actions arising out of AES's alleged activities in connection with the California Energy Market shall be consolidated into a single action captioned *Moskal et al. v. AES Corp. et al.*, 1:03-cv-00284-DFH-TAB. These two actions are captioned *Moskal et al. v. AES Corp. et al.*, 1:03-cv-00284-DFH-TAB and *AFI et al. v. AES Corp. et al.*, 1:03-cv-00746-DFH-TAB.

4. All three consolidated actions shall be coordinated for discovery purposes under the direction of Magistrate Judge William T. Lawrence. All discovery-related matters are to be filed in the appropriate consolidated action, or actions, if necessary (*Stafford et al. v. AES et al.*, 1:02-cv-1132-LJM-WTL; *Imler et al. v. AES et al.*, 1:03-cv-194-LJM-WTL; or *Moskal et al. v. AES et al.*, 1:03-cv-284-LJM-WTL).

5. Chief Judge, Larry J. McKinney shall be the District Court Judge assigned to all three consolidated actions.

## II. MASTER DOCKET AND MASTER FILES

6. Master files are hereby established for the above three consolidated actions. The master files shall be designated Case No. 1:02-cv-01132-LJM-WTL, Case No. 1:03-CV-00194-LJM-WTL, and Case No. 1:03-cv-00284-LJM-WTL. The Clerk shall file all pleadings in the master files and note such filings on the docket.

7. An original of this Order shall be filed by the Clerk in each of the master files, and in each of the above-captioned actions.

8. The Clerk shall mail a copy of this Order to all counsel of record in the three consolidated actions.

9. Further, the Court Orders that each of the consolidated actions is either assigned to or reassigned to the dockets of United States District Chief Judge Larry J. McKinney and United States Magistrate Judge William T. Lawrence. The parties are further Ordered to change the initials appearing at the end of the cause number of each of the consolidated actions to read LJM-WTL.

## III. NEWLY - FILED OR TRANSFERRED ACTIONS

10. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the three consolidated actions.

11. When a case that arises out of the same subject matter as one of the three consolidated actions is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   a. File a copy of this Order in the separate file for such action;

   b. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any defendant(s) in the newly-filed or transferred case; and

   c. Make the appropriate entry in the master docket for the consolidated action.

12. Each new action that arises out of the subject matter of one of the three consolidated actions which is filed in this Court or transferred to this Court, shall be consolidated with the consolidated action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

### IV. APPOINTMENT OF LEAD PLAINTIFFS AND CO-LEAD AND LIAISON COUNSEL

13. The law firm of Sholov Stone & Bonner LLP was appointed lead counsel for the *Stafford* lead plaintiffs and the law firm of Cohen & Malad was appointed liaison counsel for the *Stafford* lead plaintiffs on November 5, 2002. On November 25, 2002, *Cole* plaintiffs Doris O. Cole, Keith A. Taylor, John B. Pyle, John Hardy, and Irving H. Herman moved to appoint themselves as lead plaintiffs and their counsel, Hagens Berman LLP and John R. Price and Associates, as co-lead counsel. *Cole* defendants objected to this Motion as did the *Stafford* lead plaintiffs. Plaintiffs' Motion in *Cole* was not ruled on. At the August 6, 2003, Initial Pre-trial Status Conference, due to

this most recent consolidation and the fact that the *Cole* Plaintiffs Motion to have themselves appointed lead plaintiffs was not contemplated in Judge McKinney's prior ruling, Magistrate Judge Lawrence permitted the *Cole* plaintiffs to file a Motion for Reconsideration of the Court's previously entered Lead Plaintiff Order in *Stafford*. *Cole* plaintiffs, if they so choose, shall file a Motion for Reconsideration no later than twenty-one (21) days from August 6, 2003, the date of the Initial Pre-trial Status Conference. *Stafford* plaintiffs and defendants shall have fifteen (15) days to respond to the Motion for Reconsideration. The Court will not consider a reply brief.

14. Further, the Court grants Plaintiffs in the *Moskal* action fifteen (15) days from the date this Entry is signed in which to formally move, for leave of court, for the appointment of lead plaintiffs.

15. In regards to the *Imler* action, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, The Plumbers and Pipefitters National Pension Fund, the Hawaii Laborers Pension Plan and Equitec-Cole Roesler, LLC are appointed lead plaintiffs for the AES common stock purchasers as specified in their Motion for Lead Plaintiff filed on December 23, 2002, and the law firms of Milberg Weiss Bershad Hynes & Lerach LLP and Robbins Umeda & Fink, LLP are appointed as their co-lead counsel and Kroger, Gardis & Regas LLP is appointed as liaison counsel. Plaintiff Charles V. Maffei is appointed lead plaintiff for the AES bond purchasers as specified in his Motion for Lead Plaintiff filed on December 23, 2002, and the law firm of Bull & Lifshitz LLP is appointed as the bond purchasers' lead counsel and Kroger, Gardis & Regas, LLP is appointed as liaison counsel.

16. With the approval of the Court, co-lead counsel shall assume and exercise the following powers and responsibilities:

   a. To coordinate the briefing and argument of motions;

   b. To coordinate the conduct of written discovery proceedings;

   c. To coordinate the examination of witnesses in depositions;

   d. To coordinate the selection of counsel to act as spokesperson at pre-trial conferences;

   e. To call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. To conduct all settlement negotiations with counsel for the defendants;

   g. To coordinate and direct the preparation for trial, and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

   h. To receive orders, notices, correspondence and telephone calls from the Court on behalf of all plaintiffs, and to transmit copies of such orders, notices, correspondence and memoranda of such telephone calls to plaintiffs' counsel together with liaison counsel; and

   i. To supervise any other matters concerning the prosecution or resolution of the consolidated actions.

17. With respect to scheduling and/or procedural matters, defendants' counsel may rely upon all agreements with co-lead counsel.

18. No pleadings or other papers shall be filed or discovery conducted by any plaintiff except as directed or undertaken by co-lead counsel or liaison counsel.

19. Counsel in any related action that is consolidated with one of the consolidated actions shall be bound by this organizational structure of plaintiffs' counsel.

## V. SCHEDULING ORDER

20. The parties in *Imler* and *Moskal* have agreed to a schedule for the filing of operative complaints and the briefing of motions to dismiss. Specifically, consolidated amended complaints shall be filed in *Imler* and *Moskal* on or before September 26, 2003. Motions to dismiss in these respective actions shall be filed on or before October 27, 2003, which is thirty (30) days after the filing or designation of the operative complaints in each of the consolidated cases. Plaintiffs' briefs in opposition to the motions to dismiss shall be filed on or before November 26, 2003, which is thirty (30) days later. Defendants' reply briefs are then due on or before January 6, 2003.

21. Defendants and Plaintiffs in *Stafford* have been unable to reach an agreement regarding a briefing schedule. As stated above, at the August 6, 2003, Initial Pre-trial Status Conference, the Court permitted *Cole* plaintiffs to file a Motion for Reconsideration of the Court's previously entered Lead Plaintiff Order in *Stafford*. For this reason, the Court will refrain from setting a date for the filing of any amended consolidated complaint and subsequent motion to dismiss until the lead plaintiff issue is resolved.

22. The parties in each consolidated action shall complete and file with the Court a Proposed Case Management Plan within thirty (30) days from the date this Entry is signed. The Proposed Case Management Plan shall, among other things, incorporate the dates contained in paragraph number 19 above with respect to the *Imler* and *Moskal* actions.

23. Service by the defendants on plaintiffs of any papers shall be deemed to be complete for all purposes when a copy is served on co-lead counsel.

ENTERED this 25th day of August 2003.

                                                  LARRY J. McKINNEY, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Copies furnished to all counsel of record in each action consolidated herein.